McCarthy agt. Hancock.

## SUPREME COURT.

### McCarthy agt. H. Hancock and W. Hancock.

Where the defendant only, notices the cause for trial, and omits to move it at the circuit, when he had opportunity, he can not afterwards at a special term move for the dismissal of the complaint, because the plaintiff did not notice or bring to trial. The 23d rule, it seems, was not intended to embrace such a case.

*Onondaga Special Term, July* 1851. This was a motion to dismiss the complaint, for the neglect of the plaintiff to notice and bring the cause to trial at the Onondaga circuit, held in June 1851.

The suit is brought for the appointment of a receiver of the property of the defendant Hugh Hancock, to the defendant William Hancock, on the 9th day of January 1851. An injunction was served with the complaint, and has not been vacated. On motion and affidavits, on behalf of the plaintiff, a receiver was appointed at the Oswego special term, held in April 1851, to whom the property was forthwith delivered, and it is still in his possession.

The cause was not noticed by the plaintiff, but was upon the

McCarthy agt. Hancock.

calendar, upon the defendants' notice, who neglected to move it in its order.

N. F. GRAVES, *for the Motion.*

JOHN SESSIONS, *Contra.*

PRATT, Justice.—The Code provides that either party, giving notice of trial, may proceed with the cause in its order upon the calendar, and in the absence of the adverse party, take a dismissal of the complaint, or a verdict or judgment as the case may require. I think this provision could not have been in view, when the 23d rule of court was adopted. At all events, it would be unreasonable, after the defendant has himself noticed the cause and placed it upon the calendar, and put the plaintiff to the expense of attending the circuit with his witnesses, to permit him to turn round and take a dismissal of the complaint, on motion at a special term.

He may have neglected to move at the circuit, because the plaintiff was ready for trial. In this case, the plaintiff having obtained all the relief sought by his complaint, has good reason for not noticing the cause and bringing it to trial, as well as for supposing the defendants did not desire him to. Besides, he has a manifest interest in saving the fund already in the hands of a receiver, from the expense of further litigation.

The motion must be denied. I do not think the 23d rule was intended to embrace a case where the defendant might have moved the cause at the circuit, on his own motion, and availed himself of the relief sought by this motion. But as the rule will bear that construction, no costs are imposed upon the defendants.